# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| JENNIFER L. HEISER, | Chapter: 13 |
| | Case Number: 4-18-bk-01410-RNO |
| Debtor(s) | |
| CANDYCE R. FANELLA | |
| Objector(s) | |
| v. | Document No.: 75 |
| JENNIFER L. HEISER | Nature of Proceeding: First Amended Chapter 13 Plan and Objection |
| Respondent(s) | |

## OPINION

This Chapter 13 confirmation issue raises the question whether a land sale contract can be addressed in a plan by a debtor as if it were a mortgage.

Jennifer L. Heiser ("Debtor") and the Plan Objector, Candyce R. Fanella ("Objector"), were parties to a "Rent to Own Contract Agreement," more commonly known as an installment land contract ("Installment Land Contract"). *See* Proof of Claim No. 6 at pg. 8. Prior to Debtor's bankruptcy, Debtor allegedly breached the terms of the Installment Land Contract and a state court magistrate judge issued a judgment for possession on March 13, 2018. The Debtor filed an appeal to the Court of Common Pleas of Northumberland County and followed up by filing her voluntary Chapter 13 bankruptcy petition on April 5, 2018. On November 7, 2018, Debtor filed her First Amended Chapter 13 Plan ("Plan") (Doc. #75) to which the Trustee and the Objector filed objections on November 14, 2018 (Doc. #84) and November 26, 2018 (Doc. #85), respectively. A plan confirmation hearing was held on January 11, 2019, where Judge

1

Thomas took under advisement the Plan and the Objector's Objection to determine whether the Installment Land Contract could be addressed in the Plan as if it were a mortgage. On February 13, 2019, this case was reassigned to Chief Judge Robert N. Opel, II.[1]

Debtor's Plan treats the Installment Land Contract as if it was a residential mortgage which can be cured during the Plan's five-year term. Doc. #75. In fact, the Plan provides for the payment of $22,235.47 to or on behalf of Fanella[2] in full satisfaction of the Installment Land Contract. *Id.*

The issue presents the question whether you can treat an installment land contract in this manner under the Bankruptcy Code?

11 U.S.C. § 1322(b)(2)[3] provides that the plan may:

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

The parties acknowledge that the property in question is the Debtor's principal residence. The real issue is whether Fanella is a holder of a secured claim. To answer that, I turn to § 506(a)(1) which indicates that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,
> …

---

[1] This Opinion is based upon a draft prepared by the Hon. John J. Thomas prior to his untimely passing on February 7, 2019.
[2] Oddly, ¶ 9 of the Plan directs the Trustee to redirect payments owing to Fanella to a mortgagee of Fanella, Pennsylvania Housing Finance Agency ("PHFA").
[3] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

I next turn to whether there is an allowed claim filed by Fanella, and I find such claim is docketed as Claim No. 6. Since there is no pending objection, it is deemed allowed. 11 U.S.C. § 502(a).

I would then turn to whether this claim is "secured by a lien?" To address that issue, I turn to the definitional section of the Bankruptcy Code and find that a lien is defined as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). This concept of "lien" is certainly more expansive than would generally be familiar to state law practitioners. It just seems apparent that the parties would agree that Fanella indeed maintains an interest in the Debtor's residence to secure payment of Debtor's obligations under the Installment Land Contract. Based on this, the Installment Land Contract creates a "lien" as defined by the Bankruptcy Code and, therefore, can be addressed by § 1322(b)(2).

In her Response to Fanella's Objection to Debtor's original Chapter 13 Plan (Doc. #19), Debtor acknowledges that the only interest secured by Fanella is the Debtor's principal residence, and therefore, no modification is possible. Doc. #39 at 4. However, Debtor maintains that she still has the right to extend the last payment to the year 2023 under current law. Doc. #75 at ¶ 1.A.1. This is certainly available to the Debtor pursuant to § 1322(c)(2), which provides:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
>
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

3

Case 4:18-bk-01410-RNO    Doc 101    Filed 02/24/19    Entered 02/24/19 12:43:17    Desc
Main Document      Page 3 of 4

Section 1322(c)(2) "creates an exception to [§ 1322(b)(2)], if the last payment under the mortgage agreement is due before the final payment under the plan." *In re Golash*, 428 B.R. 189, 190 (Bankr. W.D. Pa. 2010); *see also In re Hubbell*, 496 B.R. 784, 788 (Bankr. E.D.N.C. 2013) ("Section 1322(c)(2), however, carves out a rare exception to [§ 1322(b)(2)] . . ."). Because the Installment Land Contract matures in 2019 and Debtor's last plan payment will be made in 2023, the Installment Land Contract is covered by the § 1322(c)(2) exception.

In sum, I conclude that the Installment Land Contract can be addressed as a mortgage/secured claim. Additionally, Objector's Objection at Doc. #85 is overruled, in part, and sustained, in part, and the confirmation of Debtor's First Amended Chapter 13 Plan is denied with thirty days to file an amended plan.

By the Court,

*[signature]*

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

February 24, 2019